IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY WERNER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 13-1794 |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| SECURITAS SECURITY SERVICES USA | ) | |
| INC., | ) | Re: ECF No. 6 |
| Defendant. | ) | |

**OPINION AND ORDER**

**KELLY, Chief Magistrate Judge**

**I. INTRODUCTION**

Plaintiff Jeffrey Werner ("Plaintiff") filed a two-count Complaint in Civil Action against his employer, Securitas Security Services, USA ("Defendant" or "Securitas"), alleging: (1) retaliatory hostile work environment (Count I) and, (2) unlawful retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, for participating in a co-employee's EEOC Charge of Discrimination and federal discrimination lawsuit (Count II). Defendant has filed a "Motion to Compel Arbitration and Dismiss Plaintiff's Complaint or, in the Alternative, Motion to Dismiss Count I of Plaintiff's Complaint." [ECF No. 6]. The parties have filed their respective briefs in support and in opposition to the Motion, which is ripe for review. [ECF Nos. 7, 9]. After consideration of the submissions of the parties, and for the following reasons, the Motion to Dismiss is granted and this action is dismissed. However, the Court shall retain jurisdiction over this matter until such time as a neutral arbitrator is agreed to by the parties or is appointed by this Court.

1

**II. DISCUSSION**

For the purposes of the instant Motion, the factual allegations in the Complaint are accepted as true and all reasonable inferences are drawn in Plaintiff's favor. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

Plaintiff alleges he was hired as a Branch Manager for Securitas on April 3, 2008. In the course of his employment, Plaintiff voiced his opposition to the termination of Nelson Molisee, a Securitas field agent. Molisee filed an employment discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), and Plaintiff provided information as a witness in the EEOC proceeding, and with regard to a subsequently filed lawsuit.

Because of his participation in the Molisee litigation, Plaintiff alleges that he was severely and continually harassed, ridiculed and degraded by his supervisor, Securitas' Vice-President John Dixon, at weekly business meetings. Dixon repeatedly threatened that there would be consequences for assisting Molisee and, after Plaintiff reported these threats and hostile work environment to Securitas' Human Resources Department, Plaintiff was terminated. Plaintiff filed a charge for unlawful retaliation with the EEOC and, after receiving a "Right to Sue" letter, timely filed this action. [ECF No. 1].

Defendant has filed the instant Motion to Compel Arbitration, and in support thereof, has attached a copy of Securitas' Dispute Resolution Agreement as an Exhibit to the Motion. The Agreement provides as follows:

> [T]his Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law, and therefore **this Agreement requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial**. Such disputes include without limitation disputes arising out of or relating to interpretation or application of this Agreement, but not as to the enforceability, revocability or validity of the Agreement or any portion of the

2

> Agreement. The Agreement also applies, without limitation, to disputes regarding the employment relationship, any city, county, state or federal wage-hour law, trade secrets, unfair competition, compensation, breaks and rest periods, uniform maintenance, training, termination, or harassment and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, Genetic Information Non-Discrimination Act, and state statutes, if any, addressing the same or similar subject matters, and all other state statutory and common law claims (excluding workers compensation, state disability insurance and unemployment insurance claims).

[ECF No. 7-1, ¶ 1 (emphasis in original)]. Securitas contends that the dispute at issue, arising out of the parties' employment relationship, is within the intended scope of the agreement and is therefore, as a matter of law, subject to "be resolved only by an arbitrator through final and binding arbitration and not way of court or jury trial." [ECF No. 7-1, ¶ 1].

Plaintiff concedes that the agreement is binding and that the allegations of the Complaint fall within the scope the Dispute Resolution Agreement. [ECF No. 9, p.2]. However, Plaintiff requests that, pursuant to the terms of the Agreement, the Court retain jurisdiction over the pending action until such time as the parties agree to the appointment of a neutral arbitrator. [ECF No. 9, pp. 2-3, No. 7-1, ¶ 2].

Because the claims asserted in Plaintiff's Complaint are subject to the arbitration agreement entered into by the parties on October 16, 2011, the Motion to Compel Arbitration and Dismiss Plaintiff's Complaint [ECF No. 6], will be granted. The Court will retain jurisdiction over this matter until such time as the parties have agreed to the appointment of a neutral arbitrator or make application to the Court to appoint an arbitrator, as provided for by the terms of the Dispute Resolution Agreement. An appropriate Order follows.

# **ORDER**

AND NOW, this 3rd day of November 2014, upon consideration of Defendant's Motion to Compel Arbitration and Dismiss Plaintiff's Complaint, and the briefs in support and opposition thereto, and giving consideration to Plaintiff's concession that the dispute at issue is within the scope of the Dispute Resolution Agreement entered into by the parties, IT IS HEREBY ORDERED that Defendant's Motion to Compel Arbitration and Dismiss Plaintiff's Complaint is GRANTED. However, pursuant to the terms of the Dispute Resolution Agreement, this Court shall retain jurisdiction over this matter until such time as the parties have agreed to the appointment of a neutral arbitrator or make application to the Court to appoint an arbitrator.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

DATED: November 3, 2014

cc: All Counsel of Record via CM-ECF